IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP - 4 2018

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| SHAWN TRAVIS CATHEY, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-381-A |
| | § | (NO. 4:15-CR-152-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Shawn Travis Cathey ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting memorandum, the government's response, the reply, and pertinent parts of the record in Case No. 4:15-CR-152-A, styled "United States of America v. Eric Summers, et al.," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On June 10, 2015, movant was named along with eight others in a sealed indictment charging him with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectible amount of methamphetamine, in

violation of 21 U.S.C. § 846. CR Doc.[1] 14. On August 7, 2015, movant appeared for re-arraignment and entered a plea of guilty. CR Doc. 134. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 133. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; movant and counsel had reviewed and discussed the factual resume and movant understood the meaning of everything in it before he signed it; and the stipulated facts were all true. CR Doc. 349.

The probation officer prepared a presentence report that indicated that movant's base offense level was 38 and that two two-level enhancements should be applied because the offense

---

[1] The "CR Doc. ___" reference is to the number of the item on the docket in the underlying criminal case, No. 4:15-CR-152-A.

involved at least three dangerous weapons and because movant stored and distributed methamphetamine from his residence and from various hotel rooms. CR Doc. 172 ¶¶ 49-51. Based on a criminal history category of VI, id. ¶ 73, movant's guideline imprisonment range was 360 months to life, but the statutorily authorized maximum sentence was 40 years; hence, the guideline imprisonment range became 360 to 480 months. Id. ¶ 132.

Movant objected to the PSR. CR Doc. 257. He objected to the drug quantity calculation and the enhancement for maintaining a drug premises. Id. The probation officer filed a supplement to the PSR noting that in light of the objections movant should be denied acceptance of responsibility, but that the guideline range would remain the same. CR Doc. 194. The court tentatively concluded that the objections were without merit and that movant was not eligible for a reduction for acceptance of responsibility. CR Doc. 234. Thereafter, movant withdrew his first objection. CR Doc. 238.

At sentencing, the court overruled movant's second objection (as to the drug premises) but granted him the acceptance of responsibility reduction. CR Doc. 356 at 5-6. The court heard testimony from the case agent and determined that movant had provided substantial assistance to the government. Id. at 7-11. After hearing from movant and his attorney, the court imposed a

3

sentence of 360 months noting that, had it not been for movant's cooperation, it would have sentenced movant to a term of 480 months' imprisonment. Id. at 20-21.

Movant appealed, CR Doc. 261, and his sentence was affirmed. United States v. Cathey, 663 F. App'x 326 (5th Cir. 2016). Movant's petition for writ of certiorari was denied. 137 S. Ct. 2116 (2017).

II.

Grounds of the Motion

Movant raises four grounds for relief, worded as follows:

GROUND ONE: Conviction obtained by plea of guilty which was unlawfully induced.

Doc.[2] 1 at PageID[3] 4.

GROUND TWO: Violation of Due Process (5th Amendment)

Id. at PageID 5.

GROUND THREE: Innefective [sic] counsel

Id. at PageID 7.

GROUND FOUR: Guilty plea no itelligent [sic]

Id. at PageID 8.

---

[2]The "Doc. __" reference is to the number of the item on the docket in this civil action.

[3]The "PageID __" reference is to the page number assigned by the court's electronic filing system, used in this case because the typewritten page numbers on the form filed by movant do not correspond with the actual page number of the document as filed.

III.

## Standards of Review

A. <u>28 U.S.C. § 2255</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164-165 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. <u>Davis v. United States</u>, 417 U.S. 333, 345 (1974); <u>United States v. Placente</u>, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant

5

is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000)(failure to meet either the deficient performance prong or the prejudice prong will defeat a claim of ineffective assistance of counsel; the court need not address both components). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial

6

cannot be relied on as having produced a just result." <u>Cullen v. Pinholster</u>, 563 U.S. 170, 189 (2011) (quoting <u>Strickland</u>, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the <u>Strickland</u> test. <u>Miller v. Johnson</u>, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.

### Analysis

In his first ground, movant alleges that his conviction was obtained by a plea of guilty that was unlawfully induced. As supporting facts, he says he "was not mirandized" and was interrogated for five hours, even after he requested an attorney. Doc. 1 at PageID 4. This is a ground that should have been raised on direct appeal and cannot be raised here. <u>Davis</u>, 417 U.S. at 345. Moreover, by his guilty plea, movant waived all non-jurisdictional defects, including a challenge to the voluntariness of his confession. <u>United States v. Bentle</u>, 533 F. App'x 462, 463 (5th Cir. 2013); <u>Rogers v. Maggio</u>, 714 F.2d 35, 38 (5th Cir. 1983).

In his second ground, movant simply states "violation of due process (5th Amendment)." Doc. 1 at PageID 5. The supporting facts are equally vague. As best the court can tell, movant complains that the court did not grant the government's motion for downward departure. But the court did give movant substantial credit for assisting the government. CR Doc. 356. And, in any event, the issue was raised on appeal and cannot be asserted here. Moore, 598 F.2d at 441.

Movant's third ground alleges ineffective assistance of counsel. Doc. 1 at PageID 7. As supporting facts, movant alleges:

> Counsel ineffective for not arguring [sic] that the entire weight attributed to petioner [sic] should have not been included in calculating drug quantities; drug quantities was basis for mandatory minimum sentence.
>
> Counsel inneffective [sic] because he failed to suppress evidence that was based on hearsay testimony.
>
> Counsel was inneffective [sic] because he failed to object to factual errors in PSI on error in weight of actual amount attributed to petioner [sic] triggered unlawful sentencing range on guidelines.
>
> My attorney never filed any pretrial motions to help my case.

Id.

The bulk of the complaint appears to address the quantity of drugs attributed to movant. His counsel did object to the drug quantity, CR Doc. 257, and wisely withdrew the objection when the probation officer recommended that movant lose acceptance of

8

responsibility.[4] CR Doc. 194; CR Doc. 238. In any event, the court was entitled to rely on the PSR and adopt its findings. United States v. Alaniz, 726 F.3d 586, 619 (5th Cir. 2013). Movant bore the burden of showing that the information contained in the PSR was materially untrue. Id. There is no indication that he could have done so. The documents movant attached to his motion do not in any way undermine the information in the PSR. Finally, the court has no idea what movant means by complaining that his counsel never filed any pretrial motions. He does not identify any such motions nor explain why the outcome of the case could, much less would, have been different.

In his final ground, movant urges that his guilty plea was not intelligent because he was not informed that the drug quantity had to be proved beyond a reasonable doubt. This ground could and should have been raised on direct appeal and cannot be brought here. Davis, 417 U.S. at 345. In any event, this contention is belied by the record. Not only did movant acknowledge the elements of the crime in his factual resume, he stipulated that he and others conspired to possess with intent to distribute more than 50 grams of methamphetamine. CR Doc. 133. And he swore under oath that he had committed each element of the

---

[4] The probation officer explained in the supplement to the PSR why the drug estimate was a conservative one. CR Doc. 194. See also CR Doc. 172, ¶ 39.

offense. CR Doc. 349. At sentencing, movant admitted "100 percent responsibility." CR Doc. 356 at 17.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED September 4, 2018.

JOHN McBRYDE
United States District Judge